UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.  Case No. 3:24-cr-251-MMH-SJH

TERESA BRADY

**UNITED STATES' CONSENT MOTION FOR A
PRELIMINARY ORDER OF FORFEITURE FOR PROCEEDS**

The United States moves the Court, pursuant to 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c), Fed. R. Crim. P. 32.2(b)(2), and the defendant's plea agreement, for entry of a preliminary order of forfeiture for proceeds in the amount of $1,328,695.28, representing the amount of proceeds the defendant admits she obtained as a result of the offenses charged in Counts One, Two, and Twelve of the Indictment. In support of its motion, the United States submits the following.

**MEMORANDUM OF LAW**

1. **Statement of Facts**

    A. **Allegations Against the Defendant**

    1. In pertinent part, the defendant was charged in an Indictment with conspiracy to commit wire and mail fraud, in violation of 18 U.S.C. § 1349 (Count One), aiding and abetting wire fraud, in violation of 18 U.S.C. § 1343 (Count Two), and aiding and abetting mail fraud, in violation of 18 U.S.C. § 1341 (Count Twelve). Doc. 1.

2. The forfeiture allegations in the Indictment notified the defendant that, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), the United States would forfeit any property constituting or derived from proceeds the defendant obtained, directly or indirectly, as a result of such violation, including, but not limited to, an order of forfeiture. *Id*. at 10-12.

B. **Finding of Guilt and Admissions Related to Forfeiture**

3. In pertinent part, the defendant pleaded guilty to Counts One, Two, and Twelve. Docs. 70, 73. This Court accepted the defendant's guilty plea and adjudicated her guilty. Doc. 76.

4. The defendant admitted in her Plea Agreement (Doc. 72 at 23-33) that she conspired and engaged in a scheme with her co-defendant to defraud Duval Teachers United, the labor union where they were both employed, in violation of 18 U.S.C. §§ 1341, 1343, and 1349. Specifically, the defendants made payments to themselves for unaccrued and unearned leave, bonuses, and reimbursements. During the defendant's decade-long scheme, she personally obtained at least $1,328,695.28 in fraudulent proceeds. *Id*. at 33.

5. Pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), the defendant admitted and agreed that the United States was entitled to an order of forfeiture in the amount of $1,328,695.28, representing the amount of proceeds the defendant personally obtained as a result of the schemes. Doc. 72 at 10-11. Moreover, the defendant agreed that the fraudulently obtained proceeds were

transferred to third parties and could not be located upon the exercise of due diligence. *Id*. at 12. Lastly, the defendant agreed that the order of forfeiture would be final upon entry. *Id*.

## II. Applicable Law

### A. Forfeiture Statute

Forfeiture of property for mail and wire fraud offenses, in violation of 18 U.S.C. §§ 1349, 1343 and/or 1341, are governed by 18 U.S.C. § 981(a)(1)(C), which provides for the civil forfeiture of any property, real or personal, that constitutes or is derived from proceeds traceable to a violation of any offense constituting "specified unlawful activity" (as defined in section 1956(c)(7)), or a conspiracy to commit such offense. Section 1956(c)(7) incorporates the racketeering offense under 18 U.S.C. § 1961, and mail and wire fraud offenses, in violation of 18 U.S.C. §§ 1349, 1343 and/or 1341 is a "specified unlawful activity" under 18 U.S.C. § 1961(1). *See* 18 U.S.C. § 981(a)(1)(C), 18 U.S.C. § 1956(c)(7)(A), and 18 U.S.C. § 1961(1). Pursuant to 28 U.S.C. § 2461(c), the government is authorized to forfeit this property criminally, and the procedures for the forfeiture and disposition of the property are governed by 21 U.S.C. § 853.

### B. Court's Determination of Forfeiture

Pursuant to Rule 32.2(b)(2), because the United States could not locate all of the specific property constituting or derived from the proceeds the defendant obtained from her fraud offenses, the United States seeks an order of forfeiture

against the defendant in the amount of proceeds she obtained from her offenses. Indeed, for cases in which the defendant no longer has the actual dollars or property traceable to proceeds in his/her possession, or the government cannot locate those assets, the obligation to forfeit simply takes the form of an order of forfeiture in favor of the United States. *See United States v. Padron*, 527 F.3d 1156, 1161-62 (11th Cir. 2008).

Rule 32.2(b)(1)(B) provides that the court must determine the amount of money that the defendant will be ordered to pay. The Court's determination may be based on evidence submitted by the parties and accepted by the Court as relevant and reliable. Fed. R. Crim. P. 32.2(b)(1)(B). As the defendant has agreed, she personally obtained $1,328,695.28 from her participation in the wire and mail fraud offenses charged in Counts One, Two, and Twelve. If the Court finds the $1,328,695.28 was obtained from the offenses, and that the defendant has dissipated those funds, then it is appropriate for the Court to enter a preliminary order of forfeiture against the defendant in that amount pursuant to Rule 32.2(b)(2).

### III. Conclusion

For the reasons stated above, the United States requests that, pursuant to 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c), and Fed. R. Crim. P. 32.2(b), the Court enter a Preliminary Order of Forfeiture for Proceeds against the defendant in the amount of $1,328,695.28.

The United States further requests that, because the $1,328,695.28 in proceeds was dissipated by the defendant, the United States may seek, as a substitute asset, pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c), forfeiture of any of the defendant's property up to the value of $1,328,695.28.

The United States further requests that, in accordance with her Plea Agreement (Doc. 72 at 11), the Preliminary Order of Forfeiture for Proceeds become final as to the defendant at the time it is entered.

As required by Fed. R. Crim. P. 32.2(b)(4)(B), the United States requests that the Court include the forfeiture when orally pronouncing the sentence and include the forfeiture order in the judgment. *See* Fed. R. Crim. P. 32.2(b)(4)(B) and *United States v. Kennedy*, 201 F.3d 1324, 1326 (11th Cir. 2000).

The United States further requests that the Court retain jurisdiction to order any substitute assets forfeited to the United States up to the amount of the order of forfeiture.

Respectfully Submitted,

GREGORY W. KEHOE
United States Attorney

By: *s/Jennifer M. Harrington*
JENNIFER M. HARRINGTON
Assistant United States Attorney
Florida Bar No. 0117748
400 W. Washington Street, Suite 3100
Orlando, Florida 32801
Telephone: (407) 648-7500
Facsimile: (407) 648-7643
Email: Jennifer.Harrington2@usdoj.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 30, 2025, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to counsel of record.

*s/Jennifer M. Harrington*
JENNIFER M. HARRINGTON
Assistant United States Attorney
