## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

Case No.: 3:24-cr-251-MMH-SJH

v.

USM Number: 56122-511

Reid Hart, Retained
200 East Forsyth Street
Jacksonville, FL 32202

RUBY GEORGE

John Michael Phillips, Retained
660 Park Street
Jacksonville, FL 32204

## JUDGMENT IN A CRIMINAL CASE

The defendant pleaded guilty to Counts One, Five, and Twelve of the Indictment. The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 U.S.C. §§ 1349, 1341, and 1343 | Conspiracy to Commit Wire Fraud and Mail Fraud | August 2022 | One |
| 18 U.S.C. §§ 1343 and 2 | Aiding and Abetting Wire Fraud | November 2020 | Five |
| 18 U.S.C. §§ 1341 and 2 | Aiding and Abetting Mail Fraud | August 2022 | Twelve |

The defendant is sentenced as provided in the following pages of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

Counts Two through Four and Six through Eleven are dismissed on the motion of the United States and pursuant to the Plea Agreement.

AO245B (Rev. 11/25) Judgment in a Criminal Case

Ruby George
3:24-cr-251-MMH-SJH

**IT IS ORDERED** that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

Date of Imposition of Sentence:
February 9, 2026

_____
**MARCIA MORALES HOWARD**
**UNITED STATES DISTRICT JUDGE**

February 10th, 2026

AO245B (Rev. 11/25) Judgment in a Criminal Case

Ruby George
3:24-cr-251-MMH-SJH

# IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of **TWELVE (12) MONTHS AND ONE (1) DAY, consisting of TWELVE (12) MONTHS AND ONE (1) DAY as to each Count One, Five, and Twelve of the Indictment to run concurrently.**

The Court makes the following recommendation to the Bureau of Prisons:

- Incarceration at a facility closest to Jacksonville, Florida, that has the lowest minimum security camp with medical facilities sufficient to address Defendant's medical needs. The Court makes this recommendation because Defendant is a lifetime resident of Jacksonville, Florida, with family and friends here to visit and support her during her term of incarceration.

The defendant shall self-surrender for service of sentence at the institution designated by the Bureau of Prisons **no later than 2:00 p.m. on April 16, 2026.**

# RETURN

I have executed this judgment as follows:

_____

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

UNITED STATES MARSHAL

By: _____
Deputy United States Marshal

AO245B (Rev. 11/25) Judgment in a Criminal Case

Ruby George
3:24-cr-251-MMH-SJH

## SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of **THREE (3) YEARS, consisting of THREE (3) YEARS as to each Count One, Five, and Twelve of the Indictment to run concurrently.**

## MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. The mandatory drug testing requirements of the Violent Crime Control Act are suspended.
4. You must cooperate in the collection of DNA as directed by the probation officer.
5. You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution.

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

Ruby George
3:24-cr-251-MMH-SJH

## STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchucks or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.

AO245B (Rev. 11/25) Judgment in a Criminal Case

Ruby George
3:24-cr-251-MMH-SJH

12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

**U.S. Probation Office Use Only**

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature:_____     Date:_____

Ruby George
3:24-cr-251-MMH-SJH

## SPECIAL CONDITIONS OF SUPERVISION

1. You shall participate in the Home Detention program for a period of **180 days**. During this time, you will remain at your place of residence except for employment and other activities approved in advance by the probation office. You will be subject to the standard conditions of Home Detention adopted for use in the Middle District of Florida, which may include the requirement to wear an electronic monitoring device and to follow electronic monitoring procedures specified by the probation office. Further, you shall be required to contribute to the costs of these services not to exceed an amount determined reasonable by the probation office based on your ability to pay.

2. You shall provide the probation officer access to any requested financial information.

3. You shall be prohibited from incurring new credit charges, opening additional lines of credit, or obligating yourself for any major purchases without approval of the probation officer.

## CRIMINAL MONETARY PENALTIES

The defendant must pay the following total criminal monetary penalties under the schedule of payments set forth in the Schedule of Payments.

|  | Assessment | AVAA Assessment[1] | JVTA Assessment[2] | Fine | Restitution |
|---|---|---|---|---|---|
| **TOTALS** | $300.00 | $0 | $0 | $0 | $2,600,235.99 (joint and several) |

The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(I), all nonfederal victims must be paid in full prior to the United States receiving payment.

---

[1] Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299.
[2] Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.

AO245B (Rev. 11/25) Judgment in a Criminal Case

Ruby George
3:24-cr-251-MMH-SJH

| Name of Payee | Total Loss[3] | Restitution Ordered | Priority or percentage |
|---|---|---|---|
| **Duval Teachers United**<br>**1601 Atlantic Boulevard**<br>**Jacksonville, FL 32207** | | **$2,600,235.99** (joint and several) | |
| Total: | | **$2,600,235.99** (joint and several) | |

☒ The Court determined that the defendant does not have the ability to pay interest and it is ordered that:

    ☒ the interest requirement is waived for the restitution.

## SCHEDULE OF PAYMENTS

The Special Assessment in the amount of 300.00 is due in full and immediately.

The restitution obligation shall be payable to the Clerk, U.S. District Court, for distribution to the victim. While in the Bureau of Prisons custody, you shall either (1) pay at least $25.00 quarterly if you have a non-Unicor job or (2) pay at least 50% of your monthly earnings if you have a Unicor job. Upon release from custody, you shall pay restitution at the rate of $150.00 per month. At any time during the course of post-release supervision, the victim, the government, or the defendant may notify the Court of a material change in the defendant's ability to pay, and the Court may adjust the payment schedule accordingly.

Unless the court has expressly ordered otherwise, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court, unless otherwise directed by the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

---

[3] Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO245B (Rev. 11/25) Judgment in a Criminal Case

Ruby George
3:24-cr-251-MMH-SJH

## JOINT AND SEVERAL

Restitution in the total amount of $2,600,235.99 shall be paid jointly and severally with Teresa Brady, Case No. 3:24-cr-251-MMH-SJH.

## FORFEITURE

The defendant shall forfeit the defendant's interest in the following property to the United States:

See Preliminary Order of Forfeiture for Proceeds (Dkt. No. 84) entered on December 30, 2025.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, (9) penalties, and (10) costs, including cost of prosecution and court costs.

AO245B (Rev. 11/25) Judgment in a Criminal Case